**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Rafael Batiz-Torres,<br><br>Defendant. | No. CR-20-00244-001-TUC-JCH (EJM)<br><br>**ORDER** |

Pending before the Court is Defendant Rafael Batiz-Torres' ("Defendant") objections to the presentence investigative report ("PSR"). (Doc. 61.) This Order addresses only Defendant's first objection[1] to the PSR—probation's finding that he qualifies as a career offender under § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines"). Defendant contends that the 2018 amendments to the Controlled Substances Act (the "CSA" or the "Act"), 21 U.S.C. § 801 *et seq.*, remove his 2010 and 2013 federal convictions—related to marijuana—from the purview of the Guideline's definition of "controlled substance offense." (Doc. 61.) The objection is fully briefed.[2] For the following

---

[1] Defendant lodges three objections to the PSR. (Doc. 61.) His second objection concerns whether he is entitled to a two-level downward departure for a "minor role" pursuant to U.S.S.G. § 3B1.2(b) of the Guidelines. (Doc. 61 at 2.) Although the government responds in opposition (Doc. 66), the PSR addendum indicates probation's agreement with Defendant's objection. (Doc. 64.) However, the PSR addendum notes "[D]efendant's [minor] role is not reflected due to the [initial] application of the defendant's career offender status under USSG §4B1.1." Defendant's third objection concerns whether he is safety-valve eligible. (Doc. 61 at 2.) The government does not dispute that Defendant is safety-valve eligible. (Doc. 66 at 1). The Court finds Defendant's first objection is dispositive of his entire sentence enhancement and the Court defers ruling on the remaining objections.

[2] The Court has considered the following materials: Defendant's Objections to the Draft Presentence Report (Doc. 61); Defendant's Reply (Doc. 65); Government's Response (Doc. 66); Government's Supplement to the Response (Doc. 67); and Defendant's Reply to the Supplement (Doc. 69).

reasons, the Court **SUSTAINS** Defendant's objection to his classification as a career offender.

I.  Background

On September 13, 2021, Defendant pled guilty to four counts in the Indictment: Count 7, Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(B)(ii); Count 8, Importation of Fentanyl, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(F); Count 9, Importation of Heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(A); and Count 10, Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(H). The Court ordered probation to prepare a PSR which was filed on November 4, 2021. (Doc. 64.)

Probation determined that Defendant is a career offender under the Guidelines with the PSR indicating that Defendant's two prior federal felony drug convictions qualify as controlled substance offenses pursuant to USSG §4B1.2(b). (Doc. 64 at 7.) Defendant's operative prior convictions include the following: a 2010 prior conviction of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and a 2013 prior conviction of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Thus, the PSR characterized Defendant's criminal history in category IV. Defendant timely objected.

Defendant's argument is based on the intersection of the categorical approach and the removal of hemp from the CSA in 2018. (Doc. 61.) He argues that under the categorical approach this Court must presume that his 2010 and 2013 federal convictions rest upon the least culpable conduct that the law proscribes, which, in his case, would include hemp-related offenses. (Doc. 61). According to Defendant, because the Act "amended the Federal definition of marijuana to exempt hemp," the current Guidelines' definition of "controlled substance offense" does not include hemp-related offenses. (Doc. 61; *See* U.S.S.G. § 4B1.1(a)). Therefore, Defendant argues that his prior 2010 and 2013 convictions cannot serve as career offender predicates because his previous convictions are overbroad as related to the Guidelines' definition of a "controlled substance offense." Defendant relies

on *United States v. Bautista*, a Ninth Circuit decision rendered earlier this year. 989 F.3d 698, 702 (9th Cir. 2020), *as amended on denial of reh'g* (Feb. 26, 2021). The government did not address *Bautista* in either their Response (Doc. 66) or Supplement (Doc. 67).

## II.     Analysis

### A.  Definition of "Controlled Substance Offense"

The Guidelines provide a sentencing enhancement for offenders who, while at least eighteen years old, commit a crime of violence or a controlled substance offense, and have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term "controlled substance offense" is defined in Section 4B1.2(b) as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Whether the CSA, 21 U.S.C. § 801 *et seq.*, informs "controlled substance offense," as it is used in Section 4B1.2(b) is a matter of debate among the circuit courts. The Second, Fifth, and Eighth Circuits maintain that a "controlled substance" under U.S.S.G. § 4B1.2(b) refers to the CSA's drug schedules. *See United States v. Townsend,* 897 F.3d 66, 71 (2d Cir. 2018); *United States v. Gomez-Alvarez*, 781 F.3d 787, 793 (5th Cir. 2015); *United States v. Sanchez-Garcia*, 642 F.3d 658, 661 (8th Cir. 2011). In contrast, the Sixth, Seventh, and Eleventh Circuits note that Section 4B1.2(b) does not explicitly refer to, or even reference, the CSA. *See United States v. Smith*, 681 F. App'x 483, 488 (6th Cir. 2017) (unpublished); *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020); *United States v. Peraza*, 754 F. App'x 908 (11th Cir. 2018) (unpublished).

Although Section 4B1.2(b) does not explicitly refer to or adopt language in the CSA, in 2012 the Ninth Circuit found that the term "drug trafficking offense" in Section 2L1.2—with a definition nearly identical to Section 4B1.2(b)'s "controlled substance offense"—

was defined by the CSA and its schedules. *United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012) ("…we hold that the term "controlled substance," as used in the "drug trafficking offense" definition in U.S.S.G. § 2L1.2, means those substances listed in the CSA. Our holding today harmonizes the definition in the Sentencing Guidelines with the immigration statute..."). The Court explained that using the CSA's definition in Section 2L1.2 furthers uniform application of federal sentencing law and serves the stated goals of both the Guidelines and the categorical approach. *Id.* at 1166.

This year, the Ninth Circuit clarified *Leal-Vega* and held that Section 4B1.2(b) must also refer to the "controlled substance" definition in the CSA. *Bautista*, 989 F.3d at 702 ("there is no meaningful way to distinguish the uniformity-in-federal-sentencing rationale that we adopted in *Leal-Vega*, which compels the conclusion that "controlled substance" in § 4B1.2(b) refers to a "controlled substance" as defined in the CSA"). As such, a predicate offense under U.S.S.G. § 4B1.1(a) must involve a "controlled substance" listed in the CSA.

**B. Categorical Approach**

Under the categorical approach, Defendant's prior convictions qualify as controlled substance offenses "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

The Ninth Circuit has instructed district courts to compare the elements of the crime as they existed when a defendant was convicted of that offense to those of the crime as defined in federal law at the time of federal sentencing. *Bautista*, 989 F.3d at 705. In *Bautista*, the Ninth Circuit applied a categorical approach to determine whether a prior state-law conviction under A.R.S. § 13-3405 qualified as a "controlled substance offense" where the federal CSA excluded hemp, but the Arizona statute did not. *Id.* In so holding, the court of appeals found Defendant's conviction as facially overbroad and a categorical mismatch for a "controlled substance offense" under the Guidelines. *Id.* In rejecting the government's assertion that the prior conviction must be compared to federal law at the time of the prior conviction, rather than at the time of sentencing for the federal crime,

*Bautista* explains:

> The question before us is whether the sentencing court should determine the relevance of Bautista's prior state conviction under the federal sentencing law that exists at the time of sentencing or under federal sentencing law that no longer exists. *McNeill* nowhere implies that the court must ignore current federal law and turn to a superseded version of the United States Code. Indeed, it would be illogical to conclude that federal sentencing law attaches "culpability and dangerousness" to an act that, at the time of sentencing, Congress has concluded is not culpable and dangerous. Such a view would prevent amendments to federal criminal law from affecting federal sentencing and would hamper Congress' ability to revise federal criminal law.

*Id.* at 703. *See also United States v. Abdulaziz*, 998 F.3d 519, 525 (1st Cir. 2021) (finding that the definition of "controlled substance offense" under U.S.S.G. §4B1.2(b) must reference the version of the Controlled Substances Act at the time of the instant federal sentencing, not a prior version).

Here, Defendant was convicted in 2010 and 2013 of "conspiracy to possess with intent to distribute" and "possession with intent to distribute" marijuana under federal law. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D). In 2018, Congress passed the Agriculture Improvement Act, which, among other things, narrowed the federal definition of marijuana to exclude "hemp." *See* Pub. L. No. 115-334, 132 Stat. 4490, § 12619 (2018) (codified at 21 U.S.C. § 802(16)). This act explicitly removed "hemp" from the schedule of controlled substances, specifying that "[t]he term 'marihuana' does not include—(i) hemp, as defined in section 1639o of Title 7." 21 U.S.C. § 802(16). Thus, it is clear then that the CSA currently defines marijuana more narrowly than it did at the time of Defendant's convictions in 2010 and 2013.

The government offers several arguments to the contrary that the Court finds unpersuasive. In their first Response, the government summarily offers that "[m]arijuana has been a controlled substance for decades…. In the Controlled Substances Act of 1970, the Federal government categorized marijuana as a Schedule I substance." (Doc. 66 at 2) (internal citations omitted).

Similarly, the government seemingly argues that Defendant's objection runs afoul of the principles set forth in *United States v. Rivera–Constantino*, 798 F.3d 900 (9th Cir.2015), where the Ninth Circuit considered whether a conspiracy to possess marijuana with intent to distribute conviction under 21 U.S.C. § 846 qualified for enhancement under U.S.S.G. § 2L1.2. (Doc. 67 at 1-2.) There, the court forwent a generic definition analysis, and instead relied on the statute's "plain meaning" to find that the Sentencing Commission must have intended to include federal drug trafficking conspiracies that do not require proof of an overt act in its definition of "controlled substance offenses." 798 F.3d at 905- 06 ("Congress has decided not to require an overt act as an element of federal drug conspiracy, and we have no reason to conclude that the Sentencing Commission intended to abrogate that decision"). Defendant argues that *Rivera–Constantino* is distinguishable from the present case, as this case involves an intentional congressional act resulting in a substantive statutory change. (Doc. 70 at 4.) The Court agrees. The government's argument overlooks the categorical approach. As in *Bautista*, federal law has changed, and the government cannot relitigate here the present-day implications of prior convictions in defiance of Congressional intent. 989 F.3d at 703.

The government next argues that the existing federal statute "substantially corresponds" to the pre-2018 federal statute and thus is not overbroad under the categorical approach. (Doc. 67 at 2.) Further, the government, in arguing that the amended CSA is only a "modest deviation," suggests that Defendant must show that before 2018, the federal government prosecuted violations of 21 U.S.C. § 841 in cases involving hemp. (Doc. 67 at 3.) It relies in part on *Gonzales v. Duenas–Alvarez*, 127 S.Ct. 815 (2007), where the Supreme Court clarified the scope of the categorical approach:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.

*Id.* at 822. However, in considering *Duenas–Alvarez*, the Ninth Circuit warned that in

instances where the statute's greater breadth is evident from its text, "no legal imagination is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (internal quotation and citation omitted), *abrogated on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018). Because the CSA presently excludes hemp, and the pre-2018 CSA did not, the latter statute's greater breadth is evident from its text.

### III.   Conclusion

Because hemp is no longer a controlled substance, Defendant's prior federal convictions are overbroad, and do not count as controlled substance offenses under U.S.S.G. §4B1.2 for purposes of a career offender enhancement. Defendant's objection of his classification as a career offender is **SUSTAINED**.

**IT IS ORDERED.**

Dated this 15th day of November, 2021.

_Honorable John C. Hinderaker_
United States District Judge